LEVI H. GARY

*vs.*

JOHN H. GRAHAM, ARTHUR E. WIGHT AND FRED FORBES.

Aroostook.   Opinion November 24, 1911.

*Attachment. Dissolution. Bankruptcy.   U. S. Bankruptcy Act, July 1, 1898, section 67.*

An attachment of personal property on a writ as the property of the defendant, is dissolved when the attaching officer accepts from the defendant a receipt therefor containing a promise in the alternative to pay a given sum on demand, or redeliver the property, and releases the custody of the property to the defendant and leaves it without removal.

Where an attachment of personal property was dissolved by the attaching officer taking the defendant's alternative receipt therefor, and the defendant was afterwards duly 'adjudged a bankrupt, *held,* that the attachment was not restored by an order of the referee in bankruptcy that the "rights under said attachment be preserved for the benefit of the estate" by virtue of section 67 of the national bankrupt law.

Where an attachment of personal property of the defendant was made on a writ, and the attachment was dissolved by the attaching officer taking the defendant's alternative receipt therefor, and the defendant was afterwards duly adjudged a bankrupt and discharged in bankruptcy, *held,* that there was no liability on the receipt.

The liability of a receiptor is limited to and determined by that of the attaching officer, and when such officer is not liable either to the plaintiff or the defendant in the suit on which the attachment was made, neither is the receiptor.

On report.   Judgment for defendants.

Assumpsit upon a receipt given to the plaintiff, a deputy sheriff for certain potatoes attached by him on a writ against the defendant Graham.   An agreed statement of facts was filed and the case reported to the Law Court for determination.

The case is stated in the opinion.

*Charles G. Briggs,* and *Herbert W. Trafton,* for plaintiff.

*Willis B. Hall, William P. Allen, Martin & Cook,* and *Hersey & Barnes,* for defendants.

SITTING: WHITEHOUSE, C. J., SAVAGE, SPEAR, CORNISH, BIRD, HALEY, JJ.

WHITEHOUSE, C. J.    This is an action of assumpsit upon a receipt given to the plaintiff, a deputy sheriff, for 250 barrels of potatoes attached by him on a writ as the property of the defendant Graham.    By virtue of this receipt the defendants promise that after judgment in favor of the plaintiff in the original action, they would on demand re-deliver the potatoes to the plaintiff or pay him the sum of $500.    Thereupon the plaintiff relinquished the custody of the potatoes to the defendant Graham.    The writ, dated March 12, 1908, was made returnable at the next April term of the Supreme Judicial Court for the county of Aroostook, and was duly entered in court at that term and continued.    On the 16th day of the following June, the defendant Graham filed his petition in bankruptcy, was adjudicated a bankrupt and afterwards received his discharge in bankruptcy.    On the 20th day of November, 1909, on petition of the trustee in bankruptcy of the defendant Graham, it was ordered by the referee in bankruptcy appointed by the United States District Court, that the rights under the attachment of the potatoes should be preserved for the benefit of the estate, and that the trustee should make application to the Supreme Court of Aroostook county for permission to intervene in his capacity as trustee to become party plaintiff in the suit.    Thereupon the trustee having received permission to appear as party plaintiff in the original suit, entered a discontinuance as to the defendant Graham and was allowed to take a judgment in rem against the potatoes attached and execution was issued thereon May 14, 1910.    On the 18th of the same month the plaintiff as deputy sheriff demanded of the defendants who signed the receipt in question that they re-deliver to him the property named in the receipt or pay the amount of the judgment.    The defendants refused to comply with either alternative of this demand.    The case is reported for the determination of the Law Court upon this statement of facts.

It is the opinion of the court that the action is not maintainable upon the facts stated in the report.

It has been repeatedly held in this State that where an officer who attaches personal property on a writ as the property of the defendant, accepts from the debtor a receipt therefor containing a promise in the alternative to pay a given sum on demand, or re-deliver the property, and thereupon the officer releases the custody of the property to the debtor and leaves it without removal, the receiptor has the right to elect which of the alternative conditions he will perform, and consequently the attachment is thereby dissolved. *Gower* v. *Stevens*, 19 Maine, 92; *Weston* v. *Dorr*, 25 Maine, 176; *Waterhouse* v. *Bird*, 37 Maine, 326; *Stanley* v. *Drinkwater*, 43 Maine, 468; *Waterman* v. *Treat*, 49 Maine, 310; *Mitchell* v. *Gooch*, 60 Maine, 113.

It appears, however, that on June 16, 1908, within four months from the date of the attachment, the defendant Graham was adjudged a bankrupt, subsequently receiving his discharge in bankruptcy, and that upon the representation of the trustee in bankruptcy that the potatoes in question of the value of $500 had been attached by the plaintiff, a deputy sheriff, as the property of the defendant Graham, and that the "attachment has never been discharged or released," it was ordered by the referee in bankruptcy that the "rights under said attachment be preserved for the benefit of the estate" by virtue of section 67 of the National bankrupt law. But it has been seen that upon the settled law of this State the attachment of the potatoes was dissolved by the officer's acceptance of the receipt as a substitute for the lien on the potatoes and his abandonment of possession to the debtor. The representation in the trustee's petition to the court of bankruptcy that "said attachment has never been discharged or released," was evidently the result of a misapprehension either in regard to the law or the facts. There were no existing "rights" to be preserved. The attachment had been dissolved without the aid of the adjudication in bankruptcy. The U. S. statute in question was designed to preserve rights under attachments and liens that actually existed, and not to create rights under attachments that had ceased to exist at the time of the filing of the petition in bankruptcy. The obvious purpose of it was to preserve to the creditors property which they would otherwise lose by an adjudi-

cation in bankruptcy, and to prevent the intervention of other liens to their prejudice. The order issued under that statute did not have the effect to restore the attachment of the potatoes which had been lost before bankruptcy.

Furthermore by the terms of the receipt signed by the defendants, they could only be made liable by reason of a valid judgment against the defendant Graham in the original suit. There was no judgment against Graham, because the claim against him was discharged by his bankruptcy, and there was no property under attachment upon which a judgment in rem could be legally entered. As observed by this court in *Mitchell* v. *Gooch*, 60 Maine, 113, supra, "Upon the dissolution of the attachment, as it is admitted that the goods attached went into the possession of the debtor, the officer does not require their possession for the purpose of returning them to him, for he has them. Nor does he need them to return to his assignee in bankruptcy, for he must look to the bankrupt who has the goods, and not to the officer who has them not.

"The liability of the receiptor is limited to and determined by that of the officer. As the officer is not liable to either plaintiff or defendant in the suit on which the attachment was made, neither is the receiptor."

The certificate must accordingly be,

*Judgment for the defendants.*